# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR BERNARD JONES,<br><br>Defendant. | Case No. CR09-0083<br><br>ORDER FOR PRETRIAL DETENTION |

On the 22nd day of December, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Webb L. Wassmer.

## RELEVANT FACTS

On December 8, 2009, Defendant Victor Bernard Jones was charged by Indictment (docket number 2) with two counts of distribution of heroin within 1,000 feet of a school. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on February 22, 2010.

Officer Steven Warner of the DEA Task Force testified regarding the circumstances underlying the instant charge. According to TFO Warner, the task force received intelligence in the summer of 2008 that an individual with the nickname "Outlaw" was involved in heroin trafficking in Cedar Rapids. Using a confidential informant, the task force attempted a controlled buy from Defendant on December 16, 2008, but was unsuccessful. Nonetheless, a search warrant was obtained for Defendant's apartment and vehicle. Nothing was found in Defendant's apartment, but "user quantity" of marijuana was found in his vehicle. Defendant was taken to the Cedar Rapids Police Department and

1

in a post-*Miranda* interview identified himself as "Outlaw" and admitted that he sold heroin. TFO Warner discussed possible cooperation by Defendant, but it did not materialize.

On May 15, 2009, a confidential informant purchased .2 grams of heroin from Defendant for $50 in a controlled buy. On May 21, 2009, the same confidential informant purchased another .2 grams of heroin for $90. Both buys were recorded and surveilled. According to TFO Warner, however, the confidential informant sent a letter to the county attorney in October, attempting to recant his testimony.

According to the pretrial services report, Defendant is 41 years old. While he has never been married, Defendant has seven children from six different relationships. Defendant's 16-year-old daughter lives with him and his girlfriend. Five of the children reside in the Chicago, Illinois, area. Defendant graduated from high school in Chicago and then attended a trade school, where he earned a certificate in homebuilding and maintenance repair.

Prior to his arrest, Defendant lived with his girlfriend in Iowa City. Defendant told the pretrial services officer that he has been employed at Air Filter Management in Cedar Rapids for the past five years. According to Defendant, he is currently laid off due to the season. The pretrial services officer was unable to verify Defendant's employment.

Defendant suffers from arthritis in both legs, for which he takes ibuprofen. Defendant denied any other physical or mental health issues. Defendant admitted using marijuana on an "occasional" basis since age 16. Defendant told the pretrial services officer, however, that he has not smoked marijuana since last year and has not used heroin since 2000.

Defendant has a significant prior criminal record. In February 1987, Defendant was sent to prison for burglary and attempted armed robbery, in separate incidents. In March 1989, Defendant was paroled. Defendant was arrested eight times in Chicago during 1990-92, although the disposition of those charges is unknown. In 1993, Defendant was arrested for possession of a controlled substance and, in a separate incident, with burglary

and possession of burglar's tools. In March 1994, Defendant was sent to prison on those charges. Defendant was paroled in December 1995.

From 1998 to 2002, Defendant was arrested five times in Cook County, although the disposition of those charges is unknown or they were "stricken with leave to reinstate." In June 2002, Defendant was arrested for possession of cocaine. According to the pretrial services report, he was sentenced on August 22, 2003 to two years in prison, but paroled on September 2, 2003. (The Court suspects that the Defendant may have been incarcerated while the charge was pending and received credit for time served.)

Since moving to Iowa in 2004, Defendant has been convicted of interference with official acts, theft in the fifth degree, disorderly conduct, public intoxication, and two driving offenses. State charges arising from the same transactions which give rise to the instant charges are still pending.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will

reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of heroin within 1,000 feet of a school, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with two counts of distribution of heroin within 1,000 feet of a school, after having previously been convicted of a felony drug offense. The confidential informant has apparently attempted to recant his testimony and, therefore, it is somewhat difficult for the Court to determine the weight of the evidence against Defendant. Defendant has ties to the community and, according to his report, has seasonal employment. Of particular concern to the Court, however, is the Defendant's extensive criminal record. Defendant has been sentenced to prison on three occasions and has numerous additional arrests, with the dispositions unknown. Defendant's convictions include armed robbery, attempted armed robbery, and burglary, in addition to controlled substance offenses.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 21, 2009) to the filing of this Ruling (December 22, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 22nd day of December, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA